FILED

SEP 07 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRAD DAFFIN, Petitioner, vs. JAMES SALMONSEN, Respondent. | Cause No. CV 18-126-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 25, 2018, Petitioner Brad Daffin filed this action under 28 U.S.C. § 2254.[1] Daffin is a state prisoner proceeding pro se. For the reasons set forth below, Daffin's petition should be dismissed.

I. **28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

Cases. Because Mr. Daffin's claims are unexhausted, his petition should be dismissed without prejudice.

## II.   Procedural History

Following a jury trial in Montana's Twenty-First Judicial District, Ravalli County, Daffin was convicted of eight counts of Sexual Intercourse without Consent, three counts of Sexual Assault, three counts of Sexual Abuse of Children, and two counts of Distribution of Dangerous Drugs. The district court sentenced Daffin to five consecutive life sentences. (Doc. 1 at 3, ¶ 4.)

Daffin filed a direct appeal arguing: (1) the district court abused its discretion by admitting prior bad acts under Mont. R. Evid. 404(b), and (2) the district court erred in its application of Montana's Rape Shield Law. The Montana Supreme Court affirmed Daffin's convictions on direct appeal. *State v. Daffin*, 2017 MT 76, 387 Mont. 154, 392 P. 3d 150; *see also,* (Doc. 1 at 3, ¶ 6.)

Daffin filed state petition for habeas relief. (Doc. 1 at 4, ¶ 12.) Daffin argued there were evidentiary errors and insufficient evidence presented during trial and that he was actually innocent of the offenses. The Montana Supreme Court denied Daffin's petition. *Daffin v. Green*, OP 18-0408, Or. (Mont. July 31, 2018).[2]

---

[2] All state court briefing and opinions available at: https://supremecourtdocket.mt.gov/ (accessed September 7, 2018).

Daffin indicates that on the same day he filed the present § 2254 petition, he also filed a petition in the state district court for postconviction relief. (Doc. 1 at 3, ¶ 9.)

### III. Daffin's Claims

In the instant petition, Daffin claims: (1) he is actually innocent and there was insufficient evidence to support a conviction (Doc. 2 at 17-20); (2) he was denied his right to effective cross examination under the Sixth Amendment (*id.* at 20-28); (3) the trial court's erroneous evidentiary rulings violated his right to due process (*id.* at 29-40); (4) the prosecution unlawfully suppressed crucial evidence of favorable treatment provided to a key witness and the court unlawfully restricted cross examination of the same witness (*id.* at 41-43); and, (5) cumulative error resulted. *Id.* at 43-49.

It also appears Daffin may be intending to advance claims of ineffective assistance of appellate counsel. (Doc. 1 at 5, ¶ 13 (A)(v); 6, ¶ 13 (B)(v)).

Daffin asks this Court to order a new trial, an evidentiary hearing, or his release. *Id.* at 7, ¶ 16.

### IV. Exhaustion

A state prisoner must exhaust available state court remedies before he may petition for habeas corpus relief under § 2254. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§

3

2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

By Daffin's own admission, he has a petition for postconviction relief currently pending in the state district court. Before Daffin can file a federal habeas petition, he must give the state courts one full opportunity to review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Daffin has not yet exhausted his available state court remedies, this Court cannot review the claims.

*See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Daffin to return to this Court if and when he fully exhausts the claims relative to his current custody.

V. **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Daffin has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A

5

certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Daffin's Petition (Doc. 1) should be DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Daffin may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Daffin must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of September, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Daffin is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.